See also, D.C., 373 F.Supp. 918, 923.

**Roy Lee ALLEY, Petitioner,**

v.

**E. L. PADERICK, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 73–C–170–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Feb. 18, 1974.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

Petitioner appears pro se.

## OPINION and JUDGMENT

DALTON, District Judge.

Roy Lee Alley, a Virginia state prisoner, is presently incarcerated pursuant to a judgment of the Roanoke County Circuit Court of April 3, 1973, wherein he was convicted of larceny by uttering a bad check (§ 6.1–115 of the Virginia Code) and sentenced to five years in the State Penitentiary with three years of this term suspended during good behavior. He petitions this court for a writ of habeas corpus according to the provisions of 28 U.S.C. § 2254 alleging his state conviction is invalid because 1) he was denied the effective assistance of counsel; 2) the Roanoke County Circuit Court erred by not sending a detainer when they transferred the petitioner to the Radford Court's jurisdiction; 3) the presentence report filed by the Commonwealth was false; 4) the trial court erred in ruling that the five-day provision of § 6.1–117 of the Virginia Code did not apply in petitioner's case; and 5) the trial court erred in overruling petitioner's motion to strike the evidence as insufficient as a matter of law. Petitioner also contends that he has not been served with proper legal process because the respondent did not include exhibits I through VII with the motion to dismiss mailed to the petitioner.

The court does not reach the three initial allegations as petitioner has failed to exhaust his available state remedies. 28 U.S.C. § 2254(b). The contentions regarding denial of effective assistance of counsel and the false pre-sentence report were presented to the Roanoke County Circuit Court in a petition for a writ of habeas corpus. This petition was denied on November 16, 1973, because it was not in proper form as required by statute in that it named the Commonwealth of Virginia as respondent rather than the person having custody of petitioner. A denial solely on this ground is entirely inconsistent with the modern approach in the federal system which demands liberal construction of *pro se* petitions. Nevertheless, this does not eliminate the fact that petitioner has failed to permit the highest state tribunal to consider all the allegations contained in his petition. *See* Thompson v. Peyton, 406 F.2d 473 (4th Cir. 1968); Ganger v. Peyton, 379 F.2d 709 (4th Cir. 1967).

The final two contentions asserted by petitioner have been considered by the Supreme Court of Virginia, and rejected by order of October 12, 1972. An evidentiary hearing is not necessary to resolve these allegations and therefore they are appropriate for disposition. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). § 6.1–117 of the Virginia Code is a rule of evidence upon which the Commonwealth may rely in facilitating proof of the fraudulent intent of the drawer. The Commonwealth may prosecute even though no notice of dishonor was ever given, and in such event the Commonwealth is required to prove affirmatively the existence of fraudulent intent. Cook v. Commonwealth, 178 Va. 251, 16 S.E. 2d 635 (1941). Petitioner was not notified pursuant to the provisions of § 6.-1–117 and therefore this statute is inapplicable to his case. Consequently, the Commonwealth could not avail itself of the statutory presumption and had to affirmatively establish petitioner's fraudulent intent.

■ In his final allegation, petitioner asserts that the Commonwealth failed to carry this burden in that the evidence of guilt was insufficient as a matter of law. When the sufficiency of the evidence to support a state conviction is challenged by federal habeas corpus the sole issue is whether the conviction was so totally devoid of evidentiary support as to violate due process. Williams v. Peyton, 414 F.2d 776 (4th Cir. 1969); Young v. Boles, 343 F.2d 136 (4th Cir. 1965); Grundler v. State of North Carolina, 283 F.2d 798, 800 (4th Cir. 1960). The trial transcript reveals that the salesman who received the check from petitioner testified that petitioner was unquestionably the individual who purchased the television set with a check that was returned due to insufficient funds. The assistant bank manager testified that the notation slip on the returned check, the notation slip and the check having been introduced into evidence, indicated that it had been returned unpaid because petitioner's account had been closed for insufficient funds. It remained for the Commonwealth to prove fraudulent intent, and as in most "bad check" cases, circumstantial evidence was proffered. Petitioner's bank statement was offered as evidence, and the assistant bank manager was questioned regarding it. The statement and testimony disclosed that the account was opened on August 16, 1972 with a $1.00 deposit. Between August 16th and September 11th six checks were drawn on the account totalling $651.69, and one deposit of $145.55 was made. The account was closed by the bank on August 24th to prevent further overdrawing, and the check in the amount of $252.60 used to purchase the television was returned on August 29th since the account was then closed. The petitioner did not offer any evidence in his defense and subsequent to the Commonwealth's presentation he moved that the charges be dismissed because the Commonwealth had failed to prove intent to defraud. The court opines that there is evidentiary support for the trial judge's determination that the Commonwealth had carried its burden of proof. The circumstantial evidence proffered could be indicative of a fraudulent intent, and pursuant to the circumscribed review this court undertakes cannot be said to be totally lacking in evidentiary value.

■ Nor does the court find any merit in petitioner's final claim. The exhibits involved are 1) a copy of his prison record; 2) a copy of part of his petition for a writ of error to the Supreme Court of Virginia; 3) a copy of the Supreme Court's order denying his petition for a writ of error; 4) a copy of his petition for a writ of habeas corpus to the Roanoke County Circuit Court; 5) a copy of the order denying his petition for a writ of habeas corpus; 6) a copy of his affidavit of poverty requesting leave to proceed *in forma pauperis* filed with the Roanoke County Circuit Court, wherein he sought copies of documents which he was furnished in connection with his appeal to the Supreme Court of Virginia; 7) a copy of the order denying his petition. Petitioner has failed to establish a need for any of these exhibits or that he is suffering prejudice because respondent did not forward him copies. *See* Jones v. Superintendent, 460 F.2d 150 (4th Cir. 1972). Each of the items involved either would have originated with petitioner, or would have been forwarded to him in a prior proceeding. To require the State to furnish petitioner with papers which he should be entirely familiar with and have at his disposal would be an unnecessary burden.

For the aforementioned reasons it is hereby ordered that the petition be dismissed.

The clerk is directed to send a certified copy of this opinion and judgment to the petitioner and to counsel for respondent.