DOWNEY, Chief Judge.
The appellant pleaded nolo contendere to obtaining property by worthless check in violation of Section 832.05(3), Florida Statutes (1975). He was adjudged guilty and *487 sentenced to 75 days in jail. He complains on appeal that the trial court erred in denying his motion to dismiss inasmuch as he made the check good within 20 days of receiving written notice, that the check has not been paid, pursuant to Section 832.07, Florida Statutes (1975). The appellant argues that Section 832.07, Florida Statutes (1975), was enacted to give an individual 20 days to correct an overdraft and thereby avoid criminal prosecution.
There are no Florida cases that deal with this question. However, for reasons hereinafter set forth, we reject the appellant’s contention and affirm his conviction.
First, Section 832.05(4), Florida Statutes (1975), specifically provides that payment of a dishonored check shall not constitute a defense or ground for the dismissal of charges. This subsection makes it very clear that the criminal act is complete when the maker draws a check knowing at the time of such drawing that he does not have sufficient funds on deposit to pay the check when it is presented.
Secondly, Section 832.07, Florida Statutes (1975), is entitled “prima facie evidence of intent . . . ” and provides in pertinent part:
832.07 Prima facie evidence of intent; identity.—
“(1) INTENT.—
“(a) In any prosecution or action under this chapter, the making, drawing, uttering, or delivery of a check, draft, or order, payment of which is refused by the drawee because of lack of funds or credit, shall be prima facie evidence of intent to defraud or knowledge of insufficient funds in, or credit with, such bank, banking institution, trust company, or other depository, unless such maker or drawer, or someone for him, shall have paid the holder thereof the amount due thereon, together with a service charge not to exceed $5 or 5 percent of the face amount of the check, whichever is greater, within 20 days after receiving written notice that such check, draft, or order has not been paid to the holder thereof. Notice mailed by certified or registered mail, evidenced by return receipt, to the address printed on the check or given at the time of issuance shall be deemed sufficient and equivalent to notice having been received by the maker or drawer, whether such notice shall be returned undelivered or not. The form of such notice shall be substantially as follows:
‘You are hereby notified that a check, numbered . . ., issued by you on (date), drawn upon (name of bank), and payable to . . ., has been dishonored. Pursuant to Florida law, you have 20 days from receipt of this notice to tender payment of the full amount of such check plus a service charge of $5 or 5 percent, [of the face amount of the check], whichever is greater, the total amount due being $ . . . and . cents. Unless this amount is paid in full within the time specified above, the holder of such check may turn over the dishonored check and all other available information relating to this incident to the State Attorney for criminal prosecution.’
Any party holding a worthless check and giving notice in substantially similar form to that provided above shall be immune from civil liability for the giving of such notice and for proceeding under the forms of such notice.”
This statute merely provides that the state has proven a prima facie case by introducing the check which is dishonored due to lack of funds if the defendant has been given written notice of the dishonor of the check and has not paid the same within 20 days. Therefore, this statute deals with the burden of proof and does not provide a defense to the crime.
Several states have similar statutes creating such a statutory presumption of intent. The court in State v. Haremza, 213 Kan. 201, 515 P.2d 1217 (1973), held the statutory presumption constitutional and noted that the written notice is not a prerequisite to the prosecution of the crime of writing a worthless check. The presumption merely gives the state the choice of relying on the *488 presumption or alternatively of specifically proving the defendant’s intent to defraud.[1]
Additionally, the Supreme Court of Colorado in People v. Vinnola, 177 Colo. 405, 494 P.2d 826 (1972), held unconstitutional a statute that provided that it was a complete defense to a charge of passing a worthless check if payment was made within 15 days after dishonor. The court’s rationale was that this statutory defense gave a third party control over whether a passer of bad checks was convicted and that the defense caused the statute to be merely a collection device for creditors rather than a criminal statute.
Therefore, we hold that Section 832.07, Florida Statutes (1975), sets forth the elements necessary to establish prima facie intent. If the burden provisions of the statute are not satisfied, the state will have the burden of specifically proving the defendant knew he did not have sufficient funds to pay the check. Likewise, if the notice provisions were complied with and the defendant has made the check good the state will also have the burden of specifically proving the defendant knew he had insufficient funds to pay the check.
Accordingly, we hold that the trial court correctly denied defendant’s motion to dismiss; therefore, the final judgment is affirmed.
AFFIRMED.
CROSS and LETTS, JJ., concur.

. Alley v. Paderick, 373 F.Supp. 920 (W.D.Va.1974); Tolbert v. State, 294 Ala. 738, 321 So.2d 227 (1975); Smithson v. State, 222 Tenn. 499, 438 S.W.2d 61 (1969).