WIGGINTON, Judge.
Appellant appeals his conviction after jury trial of depositing a worthless check with intent to defraud in violation of section 832.05(3), Florida Statutes, which provides:
(a) It is unlawful for any person, by act or common scheme, to cash or deposit any item, as defined in section 674.-104(l)(g), in any bank or depository with intent to defraud.
We affirm.
Evidence was presented at trial to show that on March 11, 1982, appellant deposited a $2,500 counter check signed by a “Robert Watts” and drawn on the Citizens State Bank of Marianna into the account of' Gwendolyn Fagg at Citizens Bank and Trust in Quincy. The teller at the Quincy bank testified that when appellant made the deposit she told him to tell Mrs. Fagg that since the check was for a large amount of money, she would have to place it under a ten day hold. Ignoring that instruction, appellant immediately informed Mrs. Fagg of the deposit without mentioning the hold placed on it, and asked her to write a check on her account for $2,500 and to take that check to First State National Bank in Bainbridge to satisfy appellant’s obligation for $2,500 to another person. Within a few days, the banks had determined that the “Robert Watts” account on which the original $2,500 check was drawn was nonexistent.
Appellant argues that his motion for judgment of acquittal at the close of the state’s case should have been granted because the state failed to prove that appellant knew the check was worthless and that he had the intent to defraud Mrs. Fagg or the Quincy Bank. Statutory presumptions override appellant’s position. Section 832.07(l)(a) provides, in part:
In any prosecution or action under this chapter, the making ... or delivery of a check ... payment of which is refused by the drawee because of lack of funds or credit, shall be prima facie evidence of intent to defraud ....
Contrary to appellant’s contention, we hold that the phrase “to cash or deposit” as used in section 832.05(3)(a) is encompassed within the meaning of the term “delivery” in section 832.07. There *565 fore, appellant’s undisputed act of depositing the worthless check in Mrs. Fagg’s account amounted to a delivery of that check and thus constituted prima facie evidence of his intent to defraud. That presumption remained unrefuted and was corroborated by the evidence of appellant’s action of disregarding the bank teller’s instructions as to the hold placed on the original check. Therefore, the trial court did not err in denying the motion for judgment of acquittal.
AFFIRMED.
LARRY G. SMITH and NIMMONS, JJ., concur.