HALL, Acting Chief Judge.
The. appellant, Douglas Cornell, challenges the final judgment which finds him personally liable for worthless checks issued through the account of his corporation. We reverse.
Cornell was president of 80-20 Incorporated, d/b/a National Pool Builders, Inc. On June 24, 1988, under the direction of Cornell, National Pool Builders issued two postdated checks to the appellee, Bryan Jerome, an independent contractor. The checks were signed by the secretary of the corporation. Jerome presented the checks to Citizen’s Bank for payment on June 24 and was informed that the corporation’s account was closed.
On August 23, 1988, Jerome filed a complaint against National Pool Builders and Cornell, alleging that Cornell caused the checks to be issued with the knowledge that the checks were worthless. National Pool filed for bankruptcy on August 29, 1988.
Thereafter, Cornell answered the complaint and raised as a defense the fact that the corporation and not Cornell was the maker of the checks and, therefore, he could not be held personally liable.
Following a nonjury trial, the trial court found that Cornell knew that the account would be closed on June 24, 1988, and that he allowed the checks to be issued in spite of that knowledge. The court then applied section 832.07(1)(b), Florida Statutes (1987), which provides that an intent to defraud can be presumed where a check is drawn on a closed account. Having found that fraud existed through the application of the presumption in section 832.07(1)(b), the trial court found Tourismart of America v. Gonzalez, 498 So.2d 469 (Fla. 3d DCA 1986), to be applicable to the facts of this case.
In Tourismart, the Third District affirmed the trial court’s dismissal of Touris-mart’s claim against Gonzalez, an employee of Gateway Travel & Tourism, Inc., under section 832.05, because that statute makes it a crime to issue a worthless check and does not contain a provision for civil recovery. However, the Third District held that the trial court improperly dismissed Touris-mart’s claims for conversion and fraud because Gonzalez could be held individually liable for such tortious activity.
Cornell first argues, citing Tourismart, that the trial court erred in applying section 832.07(l)(b), because chapter 832 is a criminal statute which makes no provision for civil recovery. Cornell next argues that, since chapter 832 does not apply, no presumption of fraud was created upon which the trial court could rely to find him personally liable. Cornell argues that he also cannot be found personally liable because there was no evidence that he committed fraud or conversion since he did not permit the issuance of the checks with the intent to obtain Jerome’s services as those services had already been performed.
We agree with Cornell’s arguments and find that the trial court erred in finding for Jerome as there is no basis upon which Cornell could be held liable for the worthless corporate checks. Accordingly, we need not reach Cornell’s argument with regard to damages.
We reverse and remand with directions to the trial court to strike the judgment finding liability on the part of Douglas Cornell and to enter a judgment finding no individual liability on the part of Douglas Cornell for checks issued by the corporation to National Pool Builders, Inc.
PARKER and PATTERSON, JJ„ concur.