COPE, J.
William Wells appeals his conviction on two counts of giving worthless checks in violation of subsection 832.05(2), Fla. Stat. (1995). We affirm.
Defendant-appellant Wells contends that there was a fundamental error in the jury instructions. The jury was given the standard instruction for subsection 832.05(2). The jury was told that one element to be established was that the defendant “uttered or issued or delivered” the worthless checks.
For the first time on appeal, the defendant argues that the jury should have been given a definition of the word “uttered.” Defendant acknowledges that no request was made for such an instruction in the trial court.
Defendant’s argument can be entertained only if the failure to give such a definition amounted to fundamental error. State v. Delva, 575 So.2d 643, 645 (Fla.1991). We conclude that there is no fundamental error. Id. Indeed, assuming the point had been preserved, the other words used in the instruction — “issued or delivered” — are synonymous with “uttered.” See Webster’s New Collegiate Dictionary 1289 (1976) (“Utter ... to put (as currency) into circulation; specif.: to circulate (as a counterfeit note) as if legal or genuine”); Black’s Law Dictionary 1545 (7th ed. 1999) (“utter ... to put or send (a document) into circulation; esp., to circulate (a forged note) as if genuine < she uttered a counterfeit $50 bill at the grocery store >.”).
*134 Defendant contends that the evidence was legally insufficient to convict him. We disagree.
Defendant and China Page formed a corporation, SBMF Partners, Inc., for the purpose of promoting music concerts. Defendant and Page were the sole officers of the corporation.
In 1996, defendant and Page asked Superior Travel to make the travel arrangements to bring two musical groups to town for a concert. Defendant signed and brought two corporate checks to Superior Travel to pay for the travel tickets. One check was in the amount of $12,245.26 and the other, $4,740.38. The travel agency gave defendant the tickets, but the corporate checks were returned for insufficient funds.
Defendant testified that Ms. Page handled the checkbook and normally wrote the checks. He stated that he did so on this occasion because she was unavailable. He testified that he did not realize that there were insufficient funds in the account when he wrote the checks.
The evidence indicated that at the time of the writing of these two checks, the balance in the account was $18,708. Prior to the writing of these checks, the corporation had already issued checks for over $20,000 which had not yet cleared. The two additional checks to the travel agency added another $16,985.64 to this amount.
An employee of the travel agency testified that after the checks bounced, the agency began calling the defendant to obtain payment. They were not able to reach him personally by telephone, but left messages. The defendant would return the phone calls in the evening after the office was closed, and leave messages on the agency answering machine.
The travel agent testified that “[ajfter the concert took place, the specific message that Mr. Wells left was that he had not achieved the revenue he anticipated achieving from the concert, and he did not have the funds to make good on those checks.” (Tr. 146). The State’s theory was that the defendant had issued the check in furtherance of the travel arrangements in hopes of replenishing the bank account out of ticket sales.
It is true that under the statute, the defendant can be criminally liable only if he knew at the time of the delivery of the checks to the travel agency that there were not sufficient funds with which to pay them on presentation. § 832.05(2)(a), Fla. Stat. (1995). In this case the State has the benefit of paragraph 832.07(l)(a), Florida Statutes, which provides that the “delivery of a check ... payment of which is refused by the drawee because of lack of funds or credit, shall be prima facie evidence of intent to defraud or knowledge of insufficient funds.... ”
This was a two-person corporation formed for the purpose of promoting musical acts. Whether it was plausible to believe that the defendant did not know the financial position of the corporation was a question for jury determination. See Rigaud v. State, 404 So.2d 791, 793 (Fla. 3d DCA 1981); see also State v. Law, 559 So.2d 187, 188-89 (Fla.1989). The case was properly submitted to the jury.
Defendant contends for the first time on appeal that there was a misnomer in the information of the name of victim travel agency. We are not convinced that there was a misnomer and since the issue was not raised below, the record was not properly developed about the name of the underlying corporate entity which did business as Superior Travel. Assuming ar-guendo there was a misnomer, we see no prejudice to the defendant and reject this argument on authority of Florida Rule of *135 Criminal Procedure 3.140(o). The cases relied on by the defendant, Green v. State, 714 So.2d 594 (Fla. 2d DCA 1998), and Jacob v. State, 651 So.2d 147 (Fla. 2d DCA 1995), are not on point; they involve discrepancies in identification of a natural person who was a victim and under the particular facts of those cases, prejudice was found to exist.
The defendant contends that his sworn motion to dismiss the prosecution should have been granted. The victim in this case sent defendant’s corporation the notification letter called for by paragraph 832.07(l)(a), Florida Statutes, which in substance demands payment or else the case may be turned over to the state attorney for prosecution.
After the statutory period elapsed with no payment, the case was referred to the state attorney and an information was filed. Thereafter the State nolle prossed the case and later refiled it.
The defendant contends that before refiling the case, the victim was obligated to send out another statutory demand letter under paragraph 832.07(l)(a). We disagree.
Contrary to the defendant’s argument, the sending of the notification letter is not a condition precedent to the filing of the criminal prosecution. Kravets v. State, 360 So.2d 486, 487 (Fla. 4th DCA 1978). The provision for the demand letter is contained in subsection 832.07(1), Florida Statutes, which creates a presumption of intent to defraud. Cornell v. Jerome, 573 So.2d 171, 172 (Fla. 2d DCA 1991); Johnson v. State, 444 So.2d 563, 564-65 (Fla. 1st DCA 1984).
If the statutory demand letter is properly sent and the maker of the check fails to pay within the time limit, then the State has the benefit of the evidence-of-intent provision of the statute. We know of no authority, and defendant has cited none, which would call for dismissal of the prosecution for failure to send the statutory notification set forth in paragraph 832.07(l)(a). Further, we know of no authority, and defendant has cited none, which would require a second statutory notification where, as here, the initial information is nolle prossed, and the case is refiled.
Defendant argues that the notification was not properly sent and that the State should not have had the benefit of the presumption established by paragraph 832.07(l)(a). We disagree. The evidence at trial sufficiently established compliance with the notification requirements of the statute.
The defendant argues that the bad check statute is unconstitutional. We disagree. See Dirk v. State, 305 So.2d 187, 188 (Fla.1974).
The defendant argues that he cannot be held criminally responsible for violating the statute because the check at issue was a corporate check on which he signed as an officer of the corporation. We reject this argument. The statute by its terms applies to any person, firm, or corporation which issues or delivers an insufficient funds check, knowing it be such. § 832.05(2)(a), Fla. Stat. (1995). “[Wjhere a corporate officer issues a worthless check in the corporate name, he may be held personally liable for violating a penal statute imposing criminal penalties on anyone who, with intent to defraud another of money or property, draws or issues a check on any bank with knowledge that he has not sufficient funds in such bank to meet the check on presentment.” 18B Am.Jur.2d Corporations § 1896, at 746 (1985) (footnote omitted).
We find no merit to the claim that there was a violation of defendant’s constitution *136 al speedy trial rights, or a violation of the speedy trial rule. We find no evidentiary error regarding the questioning of the witnesses of the victim corporation. The defendant’s argument that the trial court had ■no jurisdiction over him is frivolous. We find no reversible error in the closing arguments complained of by the defendant.
Defendant claims error in the restitution hearing. We do not reach that claim because a written restitution order has never been entered. At such time as a restitution order is rendered, the defendant may appeal and raise any claim of error he may have.
After the defendant was convicted, he informed defense counsel that he believed defense counsel had been ineffective at trial. Defense counsel filed a motion to withdraw prior to sentencing. The trial court denied the motion, proceeded with sentencing, placed the defendant on probation, and reserved jurisdiction to order restitution. We see no abuse of discretion in the denial of the motion to withdraw. On this issue, the defendant’s appellate argument is entirely conclusory, and does not carry the defendant’s burden of making error appear.
Affirmed.*

 The defendant, who is a lawyer, was initially represented by appointed counsel who filed a brief on the defendant’s behalf. Defendant subsequently chose to discharge appointed counsel and represent himself, and filed a supplemental brief. We have considered both submissions in this appeal.