# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2023-1842
LT Case No. 2019-CA-001534-A

_____

ALLEN DROZD,

   Appellant,

   v.

AMATUS HEALTH, LLC,

   Appellee.

_____


On appeal from the Circuit Court for St. Johns County.
Lauren P. Blocker, Judge.

Archibald J. Thomas, III, of Archibald J. Thomas, III, P.A.,
Jacksonville Beach, for Appellant.

Jessica T. Travers and Kimberly R. Rivera, of Littler Mendelson,
P.A., Orlando, for Appellee.

March 21, 2025


EDWARDS, C.J.

   Appellant, Allen Drozd, sued his former employer, Appellee, Amatus Health, LLC, alleging that when it fired him after three weeks' of employment, that it constituted a violation of Florida's

Private Whistleblower's Act ("FWA").[1]  During the jury trial that ensued, Appellant failed to place into evidence any specific law, rule, or regulation[2] pertaining to Appellee's business that it allegedly violated.  The trial court instructed the jury that it could find Appellee violated the FWA only if Appellant established that Appellee actually violated an applicable law, rule, or regulation.  Appellant requested that the jury be instructed to apply a different, lower standard, which would allow recovery based upon proof that Appellant held a good faith, objectively reasonable belief that Appellee had violated a law, rule, or regulation; the trial court declined to do so.  The jury's verdict was in favor of Appellee, and judgment was entered accordingly.  After his motion for new trial was denied, Appellant timely appealed.

Appellant raises three points on appeal, only one of which merits any discussion: With regard to the employer's activity, policy, or practice, which the employee threatened to disclose or refused to participate in, must the employee prove that the employer was *actually* violating a law, rule, or regulation, or would it be enough to show that the employee *believed* in good faith that the employer was violating a law, rule, or regulation in order to recover?  To quote former president Bill Clinton, "It depends on what the meaning of 'is' is."[3]

---

[1] §§ 448.101–105, Fla. Stat. (2023).

[2] "'Law, rule, or regulation' includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business."  *Id.* § 448.101(4).  The law, rule, or regulation must have been legislatively enacted. *Kearns v. Farmer Acq. Co.*, 157 So. 3d 458, 464 (Fla. 2d DCA 2015).

[3] KENNETH W. STARR, *Report of Independent Counsel Re: Investigation of President William Jefferson Clinton*, 1998, https://www.govinfo.gov/content/pkg/CDOC-105hdoc310/pdf/CDOC-105hdoc310.pdf.

The applicable subsections of the FWA are 448.102(1) and (3), Florida Statutes,[4] which refer only to an employee blowing the whistle on or refusing to participate in "an activity, policy, or practice of the employer that **is** in violation of a law, rule, or regulation." (emphasis added). We agree with the well-reasoned opinions of the First and Second Districts that held the legislature's use of the word "is" requires proof of an "actual violation" of a law, rule, or regulation by the employer in this situation. *See Gessner v. S. Co.*, 396 So. 3d 908, 913 (Fla. 1st DCA 2024); *Kearns v. Farmer Acq. Co.*, 157 So. 3d 458, 465 (Fla. 2d DCA 2015). Therefore, we affirm. We disagree and certify conflict with the Fourth District's opinion in *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013), which held that proof of an employee's good faith, objectively reasonable belief that the employer has committed a violation of a law, rule, or regulation would suffice.

AFFIRMED; CONFLICT CERTIFIED.

MACIVER, J., concurs.
Eisnaugle, J., concurs in result only with opinion.

---

[4] Section 448.102 provides

An employer may not take any retaliatory personnel action against an employee because the employee has:

(1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that **is** in violation of a law, rule, or regulation . . . .

. . . .

(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which **is** in violation of a law, rule, or regulation.

(emphasis added).

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

EISNAUGLE, J., concurring in result only with opinion.

I agree that we must affirm, but I do not reach the merits of the case. On appeal, after a lengthy discussion of the history of *Aery*, *Kearns*, and numerous federal decisions, Drozd baldly states that *Aery* was correct and argues, in just one paragraph of his brief, that the trial court erred in this case.

The entirety of Drozd's argument on this issue (as it specifically applies to this case) is as follows:

> Here, the adoption of the standard suggested in *Kearns* not only departed from the binding precedent in *Aery*, but the inclusion of the specific language from *Kearns* in the jury instructions as opposed to the wording suggested by the Florida Standard Jury Instructions regarding retaliation and protected activity denied Plaintiff a fair trial and warrants the granting of a new trial herein. The trial court herein was required to follow *Aery* and in adopting the rationale suggested in dicta by *Kearns* was an abuse of discretion.

This argument is conclusory and insufficient to carry an appellant's burden to demonstrate error in the initial brief. *Wells v. State*, 807 So. 2d 132, 136 (Fla. 3d DCA 2002) ("On this issue, the defendant's appellate argument is entirely conclusory, and does not carry the defendant's burden of making error appear."). As a result, I would affirm without reaching the merits.

5