286 So.2d 32 (1973)
Terry Lane HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 72-684.
District Court of Appeal of Florida, Second District.
November 14, 1973.
*33 Walter R. Talley, Public Defender, and W. Daniel Kearney, Asst. Public Defender, Bradenton, for appellant; Terry Lane Harris, in pro. per.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, Terry Lane Harris, was sentenced concurrently for two robberies committed simultaneously (10 years for each robbery), and consecutively for carrying a concealed firearm and being a convicted felon in possession of a firearm (2 years for each offense). The total sentences (14 years) being less than might have been imposed for the robberies alone, the question presented is whether the trial court erred in the imposition of the sentences.
We have reviewed the record, read the briefs and requested supplemental briefs of the respective parties, oral argument being waived. We are of the view that both sentences should be imposed for the robberies since they were committed against two different individuals even though they may have been committed during the commission of the same criminal episode. We hold it was not error for the trial court to sentence appellant to two concurrent sentences for the robberies.
The other offenses relating to possession of the firearm appear to have occurred on the same date as the robberies and are by their nature offenses which, under certain factual circumstances, might occur as facets of the same criminal episode; but, the record is, however, insufficient for determination of this issue. We do not overlook the possibility that said offenses may have arisen out of separate and distinct episodes. We think, therefore, that this question should first be considered by the trial judge in light of Cone v. State, Fla. 1973, 285 So.2d 12. As was stated in Easton v. State, Fla.App. 1971, 250 So.2d 294, "`... where an information contains more than one count, but each is a facet or phase of the same transaction, only one sentence may be imposed... .'" and for the higher offense. Therefore, if the trial court finds that carrying a concealed firearm and being a felon in possession of a firearm are separate from the robberies, he may sentence Harris only for the higher offense, to wit: a convicted felon in possession of a firearm. On the other hand if the trial judge finds that the two-count information pertaining to possession of the firearm relates to the assault element of the robberies then, under the authority of Cone, supra, only the concurrent sentences relating to the robberies should be imposed.
Accordingly, we affirm the concurrent sentences for the robberies and vacate the two consecutive sentences relating to possession of the firearm and remand for consideration of the imposition of sentencing only, in accordance with this opinion.
MANN, C.J., BOARDMAN, J., and LILES, J. (Ret.), concur.