SCHEB, Judge.
This appeal involves a question of whether it was improper for the trial court to impose three separate sentences against the appellant who was convicted of robberies of three victims, all of which occurred as part of one criminal episode. Appellant filed a 3.850 RCrP motion contending that two of the three sentences should be vacated. The trial court vacated one sentence and denied vacation of another. The appellant appeals and the State cross-appeals. We hold the trial court erred in vacating even one of the sentences and to that extent, we reverse.
In 1970, appellant was convicted of three robberies at Farmer John’s Restaurant in St. Petersburg. The robbery of victims Messrs. Royal and Lutz, proprietor and delivery man, occurred at the same time while robbery of Mrs. Jaquis, a store employee, occurred five to ten minutes later, upon her reporting to work.
Appellant was sentenced to from 1 to 15 years on conviction on April 28, 1970, for robbery of Mr. Royal. At a trial on May 12, 1970, appellant was found guilty of the robberies of both Mr. Lutz and Mrs. Jaquis and was sentenced to two concurrent life sentences to run consecutive to the sentence previously imposed for robbery of Royal.[1]
On this 3.850 RCrP motion, the trial judge concluded that since the robbery of Messrs. Royal and Lutz terminated just before Mrs. Jaquis came on the scene, the first two robberies were part of the same transaction and that one of the sentences should therefore be vacated. Accordingly, he vacated appellant’s sentence for robbery of Mr. Lutz. However, he denied appellant’s motion to vacate the sentence for robbery of Mrs. Jaquis on grounds that it was a later event and not part of the same transaction as the robberies perpetrated against Messrs. Royal and Lutz.
Since the appellant was convicted of robberies involving three victims, it was proper for the trial court to have imposed three separate sentences, irrespective of whether these robberies were part of one criminal episode. Trousdale v. State, Fla.App.2d 1974, 287 So.2d 721; Harris v. State, Fla.App.2d 1973, 286 So.2d 32; Ellis v. State, Fla.App.2d 1974, 298 So.2d 527.[2]
Appellant’s reliance on the “collateral estoppel” rationale of Ashe v. Swenson, 1970, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed. 2d 469, as applicable to either the “single transaction” concept or a double jeopardy question, is patently misplaced. See State v. Stiefel, Fla.App.2d 1972, 256 So.2d 581.
Therefore, the trial court’s order vacating appellant’s sentence for robbery of Lutz is reversed and such sentence is reinstated; otherwise affirmed.
McNULTY, C. J., and HOBSON, J., concur.

. Convictions of the robberies of Lutz and Jaquis were affirmed by this court. O’Neal v. State, Fla.App.2d 1971, 245 So.2d 696.

. The “same” or “single transaction” doctrine and the characteristics which distinguish it from the “single episode” eases are explained in Chief Judge McNulty’s opinion in State v. Peavey, Fla.App.2d, 326 So.2d 461, opinion filed December 10, 1975.