410 So.2d 180 (1982)
Samuel HILLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-361.
District Court of Appeal of Florida, Second District.
February 10, 1982.
*181 Jerry Hill, Public Defender, Bartow, and Samuel Robert Mandelbaum and Marcia Zimmerman, Asst. Public Defenders, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Appellant and a companion robbed a Tampa furrier at gun point, taking his wallet, pistol, and car. The companion was armed, but appellant was not. The car contained fishing gear owned by the furrier and his grandson, who were on their way to fish when the crime occurred.
The robbers were charged with two counts of armed robbery, one involving the furrier's wallet, pistol, and car, and the other involving the grandson's fishing equipment. Found guilty as charged, appellant was given consecutive 30-year sentences, with minimum confinement of three years on each charge on the ground that he was armed at the time of the offense. § 775.087, Fla. Stat. (1979).
Appellant first argues that because only one criminal episode occurred it was error for the lower court to sentence him for two robberies under Hearn v. State, 55 So.2d 559 (Fla. 1951). The Florida Supreme Court in Hearn held that, "where defendants took nine cows and two calves belonging to different owners, at same time, from same place and under circumstances with same intent, the offense was a single larceny and conviction for larceny of one cow, property of one of the owners, was a bar on ground of former jeopardy to prosecution for larceny of the remaining cattle."
Hearn is easily distinguished because it applies only to the offense of larceny, which has been characterized as a crime against the public. Thus, when cattle rustlers made away with cattle belonging to different individuals, it was held to be only one offense. However, when the additional element of "force, violence, assault, or fear" is added to a larceny, the crime then becomes robbery, which is characterized as an offense against the individual. Thus two robberies of different people at the same time are two separate offenses calling for two judgments and two sentences. Harris v. State, 286 So.2d 32 (Fla.2d DCA 1973), and O'Neal v. State, 323 So.2d 685 (Fla.2d DCA 1975); contra Hill v. State, 293 So.2d 79 (Fla.3d DCA 1974).
We reject the state's argument that the Hearn rule was nullified by the addition of subdivision (4) to section 775.021, Florida Statutes (1976).[1] By its own terms the amendment does not apply when the state charges that one criminal transaction or *182 episode constituted two violations of the same statute. The amendment was patently intended to permit, for example, conviction for both possessing and selling contraband when the evidence establishes that the accused sold and delivered drugs on a single occasion, or both possession and importation when he is apprehended as he takes delivery of a shipment of drugs from out of state.
We therefore find no merit in appellant's first contention and affirm his conviction on the two separate charges. We find merit, however, in appellant's contention that he is not subject to minimum confinement under section 775.087. The "possession of a firearm" essential to applicability of that statute must be direct. Vicarious possession (such as by a cohort), while sufficient to sustain conviction for armed robbery, first degree murder, etc., is not sufficient "possession" to justify imposition of the minimum period of imprisonment under the statute. Earnest v. State, 351 So.2d 957 (Fla. 1977). We need not speculate whether the statutory predicate would have been established had appellant armed himself with the pistol stolen from the furrier, since the evidence here was that appellant merely passed the wallet and pistol to his confederate when those items were removed from the furrier's pockets.
The judgments and 30-year sentences are AFFIRMED. We REMAND with directions to strike from the sentences the requirement for a mandatory minimum confinement of three years. The appellant need not be present for this purpose.
BOARDMAN, Acting C.J., and GRIMES, J., concur.
NOTES
[1] Section 775.021(4), Florida Statutes (1976):

Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.