507 So.2d 630 (1987)
Reginald ROSE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-688.
District Court of Appeal of Florida, Fifth District.
April 9, 1987.
Rehearing Denied May 20, 1987.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
As a result of forcing his way into a home and accosting its occupants, Nathaniel Andrews and his wife Alice Andrews, appellant-defendant was charged with seven crimes. Count 1 charged an attempted armed robbery alleging that, while carrying a firearm, defendant by force attempted to take property from Alice Andrews. At the close of the state's case at trial, no evidence had been adduced that supported *631 this charge and defense counsel moved for a judgment of acquittal. The State conceded that the evidence showed no attempted armed robbery of Alice but, asserting that there was evidence of an attempted armed robbery of Nathaniel, moved the trial court to permit Count 1 to be amended to allege an attempted armed robbery of Nathaniel. The trial court denied the defendant's motion for judgment of acquittal and granted the State's motion to amend. Convicted of Count 1, defendant appeals. We reverse.
The defendant quotes from Raulerson v. State, 358 So.2d 826, 830 (Fla. 1978), cert. denied, 439 U.S. 959, 99 S.Ct. 364, 58 L.Ed.2d 352 (1978) where the Florida Supreme Court stated in a criminal case:
A material variance between the names alleged, and that proved, is fatal. Primarily, it is a question of identity and the essential thing in the requirement of correspondence between the allegation of the name in the indictment and the proof is that the record must be such as to inform the defendant of the charge against him and to protect him against another prosecution for the same offense.
The State argues that the amendment of the information was in the discretion of the trial court, that the defendant showed no prejudice, that the above quote from Raulerson is dicta, and that "the amendment cured the variance." The last statement in the State's brief is footnoted: "Appellee [State] believes jeopardy attached to the attempted robbery of Alice when the jury was sworn. If the judgment of acquittal as to Alice had been granted, a second information could have been filed alleging Nathaniel, as the victim." This is a most uningenious, illogical, invalid, and self-defeating position and argument.[1]
An attempted robbery of Alice, or any one person, is a distinctly different factual event and crime from an attempted robbery of Nathaniel or any other person. This is illustrated by the case of the thirteen robbed mourners[2] and similar cases,[3] holding that in criminal cases each crime against a different victim is a separate and distinctly different criminal offense. The State could have charged the defendant with the crime of attempted armed robbery of Alice or the crime of attempted armed robbery of Nathaniel, or both crimes. The State chose to charge him only with attempted armed robbery of Alice and when, at trial, the State adduced no evidence to support that charge the defendant was entitled to a judgment of acquittal. By granting the state's motion to amend at the conclusion of its case, the trial court allowed the jury to convict the defendant of the crime of attempted armed robbery of Nathaniel, a crime of which he had not been charged and for which he was not being tried. It is elementary that the conviction of a crime not charged violates constitutional *632 due process[4] as well as the constitutional right of the accused in all criminal cases to be informed of the nature and cause of the accusation against him.[5] The violation of such constitutional rights constitutes fundamental error and is presumptively prejudicial and most certainly not within the discretion of any judge to permit. An accused is tried only on the charge in the accusatorial document and the proof at trial must conform to that charge.[6] Proof of another separate and distinctly different crime rather than the one charged constitutes a fatal variance in proof which in a criminal case cannot be "cured" by amending the charging document to conform to the proof of the crime not charged.[7]
This is not a case involving a defect in the form of the information.[8] Count 1 of the information charging the crime of attempted armed robbery of Alice is in good form and is not defective. Neither is this a case involving lesser included offenses.[9] This is simply a case where the State alleged a crime and, at trial, failed to prove it but proved another, completely different, uncharged crime. This constituted a fatal variance or insufficiency in proof and the defendant's motion for a judgment of acquittal should have been granted and the state's motion to amend should have been denied. Accordingly, appellant's conviction of Count 1 is reversed. As the conviction of Count 1 is an integral part of the guideline sentence in this case that sentence is vacated and this cause is remanded for imposition of another sentence of which the conviction in Count 1 of attempted armed robbery is not a part.
REVERSED in part and REMANDED.
COBB, J., concurs.
DAUKSCH, J., concurs in conclusion only.
NOTES
[1] Jeopardy is the risk or chance of being convicted of a certain crime in a certain trial. Certainly, when the jury was sworn in this case, jeopardy attached as to the crime of attempted armed robbery of Alice but the very argument that even if appellant had been acquitted of that crime "a second information could have been filed alleging Nathaniel as the victim" proves that the accusation of an attempted armed robbery of Alice in Count 1 did not legally put appellant in jeopardy of a conviction for the crime of an attempted armed robbery of Nathaniel and, accordingly, the defendant should not have been convicted of the latter, uncharged crime. And also, what about Florida Rule of Criminal Procedure 3.151(c), one of the many outmoded criminal rules implementing the now abolished single transaction rule? With certain exceptions, that Rule requires that the State charge all related offenses at one time and provides that when a defendant has been tried on a charge of one of two or more related offenses, the charge of every other related offense must be dismissed on the defendant's motion.
[2] Palmer v. State, 416 So.2d 878 (Fla. 4th DCA 1982), aff'd. in part; rev'd. in part, 438 So.2d 1 (Fla. 1983).
[3] Holmes v. State, 453 So.2d 533 (Fla. 5th DCA 1984); Brown v. State, 413 So.2d 1273 (Fla. 1st DCA 1982), affirmed, 430 So.2d 446 (Fla. 1983); Hillman v. State, 410 So.2d 180 (Fla. 2d DCA 1982); O'Neal v. State, 323 So.2d 685 (Fla. 2d DCA 1975), cert. denied, 334 So.2d 607 (Fla. 1976); Harris v. State, 286 So.2d 32 (Fla. 2d DCA 1973). See also Green v. State, 496 So.2d 256 (Fla. 5th DCA 1986); Morales v. State, 451 So.2d 941 (Fla. 5th DCA 1984).
[4] See Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948); Markham v. United States, 160 U.S. 319, 16 S.Ct. 288, 40 L.Ed. 441 (1895); The Schooner Hoppet and Cargo v. United States, 11 U.S. 389, 7 Cranch 389, 3 L.Ed. 380 (1813) (Chief Justice John Marshall stated, "The rule that a man shall not be charged with one crime and convicted of another, may sometimes cover real guilt, but its observance is essential to the preservation of innocence."); State v. Gray, 435 So.2d 816 (Fla. 1983); State v. Sykes, 434 So.2d 325 (Fla. 1983); Ray v. State, 403 So.2d 956 (Fla. 1981); Perkins v. Mayo, 92 So.2d 641 (Fla. 1957); Penny v. State, 140 Fla. 155, 191 So. 190 (1939); State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980); Minor v. State, 329 So.2d 30 (Fla. 2d DCA 1976); Haley v. State, 315 So.2d 525 (Fla. 2d DCA 1975); Causey v. State, 307 So.2d 197 (Fla. 2d DCA 1975); Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971); Johnson v. State, 226 So.2d 884 (Fla. 2d DCA 1969).
[5] U.S. Const. amend. VI; Art. I, § 16, Fla. Const.
[6] As Seldon F. Waldo, who at one time taught common law pleading at the University of Florida College of Law, was prone to stress, "The allegata and the probata must correspond and agree."
[7] One must not be misled by impressions made by Florida Rule of Civil Procedure 1.190(b) which permits amendments of pleadings to conform to evidence as to issues actually tried but not pleaded in civil cases. Such a rule applied to criminal trials would consistently violate due process and result in post-conviction proceedings charging ineffective assistance of counsel.
[8] See Florida Rule of Criminal Procedure 3.140(o).
[9] See e.g. Ray v. State, 403 So.2d 956 (Fla. 1981); Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983).