651 So.2d 147 (1995)
Otis Niki JACOB, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00698.
District Court of Appeal of Florida, Second District.
February 15, 1995.
*148 James Marion Moorman, Public Defender, and Timothy J. Ferreri, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
Otis Niki Jacob appeals his convictions for robbery and battery pursuant to an information that charged him with committing these crimes against James Neeley. Because the evidence did not conform to the allegations in the information, we reverse.
At trial, the state called two witnesses. The alleged victim was not called, did not testify, and was unknown to the state's witnesses. A police officer testified that he interviewed "Joseph" Neeley and, based on what Neeley said, the officer concluded that a robbery had occurred. The criminal arrest affidavit contained in the record lists the complainant as "Joseph L." Neeley. The information, however, charged Jacob with crimes committed against "James" Neeley.
The record does not contain any explanation for the difference in names. As explained in Rose v. State, 507 So.2d 630 (Fla. 5th DCA 1987), "An attempted robbery of ... any one person is a distinctly different factual event and crime from an attempted robbery of ... any other person." 507 So.2d at 631 (punctuation omitted). Cf. Raulerson v. State, 358 So.2d 826, 829 (Fla.) (stating that a "material variance between the name alleged, and that proved, is fatal" but taking judicial notice that Mike is a common form of Michael), cert. denied, 439 U.S. 959, 99 S.Ct. 364, 58 L.Ed.2d 352 (1978). Thus, Jacob was convicted of a different crime than that charged in the information. Although no objection was made at trial, this constitutes fundamental error. Rose.
We can discern no evidence in the record linking the names Joseph L. and James. Despite the same last name, we are unable to infer that these are two names for the same person. Thus, Jacob remains at jeopardy for any crimes against Joseph L. Neeley. If we affirmed these convictions and the victim's name was, in fact, Joseph, then Jacob could be convicted twice for the same offenses.
Reversed and remanded with instructions to discharge the defendant Jacob on the charges of robbery and battery of James Neeley.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.