PER CURIAM.
Appellant, found guilty of armed robbery and a violation of community control in juvenile court, alleges errors at his trial, in the revocation of his community control, and in his commitment to the Department of Juvenile Justice. We affirm in part and reverse in part.
B.T.G. and two other juveniles, J.M. and A.W., were charged with robbing a pizza-delivery man at an apartment complex. Immediately before trial, J.M. pleaded guilty and, under questioning by the trial court during the plea colloquy, implicated appellant in the crime. Appellant’s counsel apparently was not present in the courtroom when this statement was made and apparently had been told that appellant did not participate in the robbery.
Trial proceeded against appellant and A.W. The victim identified A.W. as his lone assailant; another witness, who did not see the robbery, testified that appellant had been present in the apartment complex that day; a police officer testified that appellant had told him that he and J.M. had committed the robbery, and that A.W. had not been involved.
*768 In each instance, defense counsel objected that he had not been furnished with statements from these witnesses, despite having made a discovery request for all pretrial statements. As to the victim and the other civilian witness, the State did not rebut the allegation that the specific statements had not been provided. The trial court overruled the objections but ordered that the statements be provided to defense counsel. As to the police officer, the State said the statement was on the back of the arrest report, which was provided to the defense. The trial court overruled that objection, as well.
In his case in chief, appellant called J.M. as a witness. During questioning by appellant’s counsel, J.M. testified that appellant had “got the man on the floor and just took his money.” Apparently surprised by this testimony, defense counsel attempted to impeach the witness with a contrary statement purportedly given to counsel earlier, but the trial court sustained the State’s objection on the ground that the statement was not recorded or transcribed.
Appellant argues that it was reversible error for the trial court not to have conducted a Richardson[1] inquiry regarding the victim’s statement, the witness’s statement, and the statement appellant gave to the police, and for the State or the trial court not to have informed defense counsel that J.M. had implicated appellant during his plea colloquy. We disagree that there was any error.
Taking the last allegation first, we note that there was no obligation for the State or the court to have told defense counsel what J.M. had said during his plea. The State is obligated only to furnish statements within its possession or control. Fla.R. Juv.P. 8.060(a)(2)(B). The statement itself was made in open court, and was not in the possession or control of the State.
As regards the other statements, it does appear that they were not provided to appellant’s counsel. As the defense had sought all statements in its demand for discovery, it was error for the trial court not to have conducted a full Richardson hearing, wherein it would have had to determine whether the discovery violation was willful or inadvertent, substantial or trivial, and whether the defense was prejudiced thereby. The trial court should have inquired, but its failure to do so resulted in no prejudice to the defense, so any error would be harmless.
An appellate court may determine that the failure to hold a Richardson hearing was harmless error, but only if the discovery violation did not result in procedural prejudice to the defense. State v. Schopp, 653 So.2d 1016 (Fla.1995). The supreme court explained in Schopp:
As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant’s trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefitted the defendant. In making this determination every conceivable course of action must be considered.
653 So.2d at 1021. The supreme court went on to say that “if the record is insufficient to show that the defense was not materially affected, the error must be considered harmful.” Id.
As to the appellant’s statement to the police, it appears that the statement itself was not provided to defense counsel, but that notice of the contents of the statement, an admission that appellant had committed the crime, was on the back of the arrest report, which was provided as part of discovery. Assuming, without deciding, that under these circumstances, a Richardson inquiry was required, it would be harmless error in this instance. The trial court did determine that the substance of the statement had been furnished to the defense, so the defense was not materially affected by not having the appellant’s statement.
As regards the victim’s statement, it is significant that the victim’s statement, which was functionally identical to his trial testimony, was that A.W. robbed him at gunpoint and that no one else assisted A.W. He did not *769 identify appellant as having been present either before or during the robbery. At trial he described the assailant at being “5-4, maybe 5-5”; appellant is 5-foot-ll.
There is no reasonable possibility that appellant’s trial preparation strategy would have been affected by any statement the victim made. The statement was consistent with the victim’s trial testimony and was utterly exculpatory to appellant. Trial counsel relied on that point on closing, contending that appellant and J.M. were covering up for A.W., but to no avail. The major weakness in appellant’s case was the fact that he confessed, and there is nothing in the victim’s statement to police that would address the confession.
The other witness’s statement neither implicated nor exonerated appellant. Her statement was that A.W. (apparently her boyfriend), J.M. and “Red” (appellant’s nickname, according to the arrest report) had come to her house several hours before the robbery, but that she was not with them during the robbery. She described their' clothes, said she “knew of no kind of weapons,” and said she did not know about the robbery in advance and was “Mnda clueless” about what had happened. She said A.W. made an exculpatory statement, “Do you think I would come back out here if I did do something!?]” R. 137.
At trial, she testified that appellant, along with A.W. and J.M. was present that night. She said she was not outside when the victim arrived, did not see the robbery, and did not know about the robbery until after it happened. She had been inside about 30 minutes when she heard someone screaming and went outside, saw it was the victim, and went back inside. She did not see appellant, J.M. or A.W. Appellant’s counsel did not cross-examine her.
There is no reasonable possibility that appellant’s trial preparation or strategy would have been affected by any statement she gave. Her statement showed that she had little or no knowledge of the crime itself, and could only place appellant at the scene, where he already had admitted being.
In summary, we find no error in the finding of guilt.
We do find error in two other issues appellant raises, however. The State charged appellant with violating his community control, based on an allegation of marijuana possession. The State dismissed that charge, however, and did not allege the armed robbery conviction as a violation. The court revoked appellant’s community control based upon the armed robbery. This was error. See, e.g., Joseph v. State, 615 So.2d 833 (Fla. 4th DCA 1993); Moser v. State, 523 So.2d 783 (Fla. 5th DCA 1988); Butler v. State, 450 So.2d 1283 (Fla. 2d DCA 1984); Hodges v. State, 370 So.2d 78 (Fla. 2d DCA 1979).
We also find, as the State concedes, that the trial court erred in committing appellant to a maximum-risk residential program. Appellant did not meet the criteria set out in section 39.0581, Florida Statutes.
We affirm the finding of guilt on the armed robbery charge, but reverse the revocation of community control and the commitment order, and remand for further proceedings consistent with this opinion.
MINER, MICKLE and LAWRENCE, JJ., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).