QUINCE, Judge.
Luther Green challenges his conviction for residential burglary. Because we find a fatal variance between the information and the State’s evidence at trial, we reverse.
Green was charged by information with burglary of property located at 3724 Manatee Drive belonging to Larry Couch. At trial, Barbara Couch testified that she had been the victim of the burglary. No mention of Larry Couch was made in the testimony. Further, Ms. Couch testified that her address was 4724 Manatee Drive. Compounding this problem is the fact that the police witnesses identified the address as being “two doors down” from 3774 Manatee Drive. Undoubtedly recognizing one of the variances, the State moved to amend the information to include Barbara Couch’s name. In denying the State’s request, the court specifically identified the State’s failure to indicate a relationship between Larry and Barbara Couch. Nevertheless, the State attributed ownership in its closing argument to Larry and Barbara Couch and the same ownership was set forth in the judgment and sentence.
The variances in this case led to Green’s conviction for a crime other than the one charged in the information and leaves him subject to the danger of further prosecution. Green’s conviction for an uncharged offense is fundamental error. See Jacob v. State, 651 So.2d 147 (Fla. 2d DCA 1995); Rose v. State, 507 So.2d 630 (Fla. 5th DCA 1987); Salerno v. State, 347 So.2d 659 (Fla. 4th DCA 1977).
We reverse Green’s conviction for burglary and remand with instructions to discharge him on that offense. Green’s conviction for dealing in stolen property is not affected by this reversal; however, resentencing may be appropriate if one seoresheet was used for both offenses.
PARKER, C.J., and WHATLEY, J., concur.