735 So.2d 505 (1999)
Darryl Donnell DULANEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-312.
District Court of Appeal of Florida, First District.
February 3, 1999.
Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Appellant challenges a final judgment and sentence based upon a jury verdict finding him guilty of possession of a firearm by a convicted felon. Appellant also challenges a final order revoking his probation. We affirm the judgment and sentence without further comment, but reverse the order revoking appellant's probation which was based on charges not contained in the affidavit of the violation of probation.
Upon conviction of possession of a firearm by a convicted felon, the trial court found that appellant had violated his probation based on the conviction. The affidavit *506 of violation, however, was based on entirely different charges. The state properly concedes that revocation of probation based on conduct not charged in the affidavit constitutes fundamental error. See B.T.G. v. State, 694 So.2d 767, 769 (Fla. 1st DCA 1997); Richardson v. State, 694 So.2d 147 (Fla. 1st DCA 1997). We, therefore, reverse the order revoking probation and remand to the trial court for further proceedings.
MINER, WOLF and PADOVANO, JJ., concur.