CAMPBELL, Acting Chief Judge.
Appellant, convicted of robbery, argues that the court should have granted his motion for a judgment of acquittal of robbery because of a fatal variance between the information and the proof at trial. We conclude that there was no variance and affirm.
This was a McDonald’s drive-thru robbery. Appellant drove up to the drive-thru window and gave employee, Danielle West, a note which read “give me the money or it could be bad.” She called her manager, Natasha Delisfort, on the headset. When Delisfort arrived at the window, she saw that West was visibly shaken. West handed Delisfort the note and Delisfort then looked at appellant. Appellant impatiently asked her if she could *141 read. Delisfort went to the office to get the money, and West followed her. Delis-fort returned to the window and gave appellant $300.
Appellant maintains that because the information charged that he had taken the money from Danielle West, but Natasha Delisfort actually handed him the money, there was a fatal variance between the information and the proof at trial. We cannot agree.
This was one robbery. Both employees were integrally involved as victims, and were acting as agents for a third party, McDonald’s, whose money it was. The money did not belong to either West or Delisfort. West was put in fear when appellant came to the window and told her to give him the money, and Delisfort actually handed over the cash. The robbery was one transaction. Appellant could not later be charged with robbery of Delisfort because there was only one robbery, which had already been charged.
Although appellant cites Rose v. State, 507 So.2d 630 (Fla. 5th DCA 1987) in support, Rose may be distinguished. In Rose, the information alleged that the defendant committed an armed robbery of the wife, but the proof at trial showed an attempted armed robbery of the husband. However, there is no indication in Rose that both husband and wife were integrally involved in the robbery, or that they were acting as agents for a third party, as was the case here.
We conclude then that there was no fatal variance between the information and the proof at trial. See Raulerson v. State, 358 So.2d 826 (Fla.1978). See also Jacob v. State, 651 So.2d 147 (Fla. 2d DCA 1995).
Appellant also argues, on a number of grounds, that the Prison Releasee Reoffen-der Act is not constitutional. Those issues have been decided against appellant in Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999). Moreover, he was not sentenced as both a prison releasee reoffender and a habitual offender, so there were no double jeopardy implications. Having found no merit in either of appellant’s arguments, we affirm the conviction and sentence.
Affirmed.
THREADGILL and DAVIS, JJ., Concur.