823 So.2d 849 (2002)
Willie J. BENNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2446.
District Court of Appeal of Florida, First District.
August 20, 2002.
*850 Nancy A. Daniels, Public Defender; Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Kenneth D. Pratt, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct appeal from his judgment and sentence, appellant argues that the trial court abused its discretion by denying his motion for mistrial made after the prosecutor erroneously argued in closing that the jury could convict appellant of a lesser but uncharged crime. We agree and reverse.
Appellant was charged with possession with intent to sell cocaine, a second degree felony. § 893.13(1)(a)1., Fla. Stat. At trial the state presented its theory in the opening statement that appellant tendered cocaine to William Matthews at the top of a stairwell, and Matthews delivered the cocaine to the waiting undercover officers below. Specifically, the prosecutor stated that the "possession with intent is at the top of the stairs delivering to William Matthews." Two Tallahassee Police Department officers testified at trial that on the evening of January 23, 2001, they were acting in an undercover capacity when they made contact with Matthews and gave him money for the purchase of cocaine. While they waited in their car, Matthews ascended a flight of stairs and entered a nearby building containing several residences. As Matthews reemerged, appellant exited as well. The pair stood briefly at the top of the stairwell, and appellant pinched at something in his hand *851 and gave it to Matthews. Matthews went downstairs to the officers, gave the officers the crack cocaine, and walked away. At this point, the undercover officers gave the takedown signal, and the arrest team swung into action, arresting Matthews and appellant. When appellant was arrested, a baggie containing a trace amount of cocaine was discovered in his pocket.
William Matthews, who at the time of trial already had pled guilty to and was serving a sentence for the sale of the cocaine to the undercover officers testified for the defense. He stated that appellant did not provide him with the cocaine sold to the undercover officers that evening. Matthews said that he obtained the cocaine from a different person inside the building with whom he had dealt before. Neither Matthews nor appellant lived in the building, but appellant, with whom Matthews was acquainted, was visiting people in the building that evening. Matthews literally bumped into appellant as they came out of the building, and the pair stopped at the top of the stairs while Matthews apologized briefly for this. Matthews, who had several previous felony convictions, told the jury that when questioned at the scene, he did not identify the person who gave him the cocaine and said only that he got it inside the building. He also stated during cross-examination that when he entered his plea to the cocaine sale charge, he told the court that appellant was not involved in the drug transaction. In rebuttal, an arresting officer testified that at the scene Matthews admitted selling the cocaine and identified appellant as the cocaine source.
During closing argument, the prosecutor argued that the evidence showed that appellant provided Matthews with the cocaine at the top of the stairwell and appellant was therefore guilty of possession with intent to sell cocaine. The prosecutor recounted the events of the evening, but in describing appellant's arrest, the prosecutor stated the following:
And so they arrest him and search him and come up with a baggie. I'm not so sure how important that baggie of cocaine residue is. Of course, that's possession of cocaine, which is a lesser included of the main charge anyway.
Defense counsel immediately objected, arguing that the prosecutor erroneously told the jury that if it did not convict appellant of the main charge, appellant could be convicted for the uncharged crime of possession of the baggie with the trace amount of cocaine as a lesser included offense. The court denied the defense motion for mistrial. Later the court instructed the jury on the charge of possession with intent to sell and on the lesser included offense of simple possession, and the jury found appellant guilty of simple possession.
We recognize that a ruling on a motion for mistrial rests within the sound discretion of the trial court, and mistrial should only be granted when absolutely necessary. Johnston v. State, 497 So.2d 863 (Fla.1986); Hunter v. State, 660 So.2d 244, 252 (Fla.1995), cert. denied, 516 U.S. 1128, 116 S.Ct. 946, 133 L.Ed.2d 871 (1996). Control of the prosecutor's comments also lies within the trial court's discretion, Pacifico v. State, 642 So.2d 1178 (Fla.1994), and where the issue is preserved, as it is in this case, "[a] conviction will not be overturned unless a prosecutor's comment is so prejudicial that it vitiates the entire trial." King v. State, 623 So.2d 486, 488 (Fla.1993). Thus, it is the rare case in which a brief statement by a prosecutor is found to call a verdict into question. Under the unique circumstances here presented, however, we are required to reverse for new trial.
*852 There is no dispute that the state's charge of possession with intent to sell was based solely on the exchange between appellant and Matthews that the officers testified occurred at the top of the building's stairwell immediately before Matthews sold the officers two rocks of cocaine. Although the baggie containing a trace amount of cocaine, which was found on appellant upon his arrest, was briefly mentioned in the state's opening and was admitted into evidence, this trace amount was never presented as a basis of the charged offense. In addition, other than the objectionable remark by the prosecutor and the jury instruction, no other arguments or statements were made regarding lesser included offenses. Thus, by telling the jury that appellant's having the trace amount of cocaine in the baggie constituted "possession of cocaine, which is a lesser included of the main charge anyway," the prosecutor erroneously implied that the jury could convict appellant for his possession of a quantum of cocaine entirely separate from the cocaine on which appellant's possession with intent to sell charge was based.
It is fundamental error to convict a person of an uncharged offense. See Green v. State, 714 So.2d 594, 595 (Fla. 2d DCA 1998) (holding, where fatal variance between information and trial testimony as to victim and location of burglary, Green was convicted of uncharged offense, a fundamental error). In the instant case, appellant's conviction for simple possession can only legally rest upon possession of the rocks of cocaine sold to the officers; it cannot rest upon his possession of the trace cocaine found in the baggie. This point is illustrated in Mancini v. State, 448 So.2d 573 (Fla. 1st DCA 1984), in which this court reversed the denial of a motion to suppress cocaine contained in a package seized from Mancini's car and statements he made upon his arrest. The trial court also had denied the suppression of trace amounts of cocaine discovered in Mancini's home. This court stated that it was unnecessary to address the legality of the seizure of the trace cocaine. We explained that a review of the record evidenced that when Mancini pled no contest, the sole basis presented by the state and relied on by the judge to support the plea to the charge of possession with intent to sell cocaine was the cocaine found in the package. The traces of cocaine, therefore, had not formed any part of the factual basis of the charge. Similarly, in the instant case, possession of the trace of cocaine did not form any part of the basis for the charged offense of possession with intent to sell. The prosecutor's remark suggested that the jury could convict appellant for possession of this quantum of cocaine as opposed to the rocks of cocaine as argued during trial. Because the jury evidently rejected the state's theory of the case, finding appellant guilty of the lesser included charge of possession, and the trace cocaine in this case cannot serve as a basis for that offense, we are unable to say beyond a reasonable doubt that the prosecutor's erroneous argument did not contribute to the verdict. State v. Diguilio, 491 So.2d 1129, 1135, 1136 (Fla.1986). Accordingly, we reverse for new trial on the charge of simple possession.
BARFIELD, MINER and POLSTON, JJ., CONCUR.