PER CURIAM.
In his petition for habeas corpus relief, Carl Brown makes a claim of ineffective assistance of appellate counsel. For the reasons stated below, we deny the petition.
The state charged Brown with armed robbery, armed kidnapping, and aggravated battery in an amended information. The information alleged Brown had committed the offenses on a person named Kevin Pope. The jury returned guilty verdicts on armed robbery and aggravated battery, the trial court having previously granted a motion for judgment of acquittal on the armed kidnapping charge. Brown alleges his appellate attorney provided ineffective assistance by failing to raise, on appeal, the fact the actual victim was named Keith Pope and thus, the convictions were unsupported by the evidence produced at trial.
Brown relies on Jacob v. State, 651 So.2d 147 (Fla. 2d DCA 1995), and to a lesser extent, Raulerson v. State, 358 So.2d 826 (Fla.), cert. denied, 439 U.S. 959, 99 S.Ct. 364, 58 L.Ed.2d 352 (1978). We find Jacob to be factually distinguishable and instead rely upon the supreme court’s more recent ruling in Snipes v. State, 733 So.2d 1000 (Fla.1999).
In Jacob, the second district reversed a conviction where the information alleged the defendant had committed a robbery and battery upon a victim named James Neeley. At trial, the evidence showed the victim to be Joseph Neeley. In reversing, the court noted it could “discern no evidence in the record linking the names Joseph L. and James. Despite the same last name, we are unable to infer that these are two names for the same person.” Jacob, 651 So.2d at 148. It must be noted that the victim in Jacob did not testify and the only witnesses who testified to the identity of the victim did not know the victim. Id. *131 This uncertainty is especially relevant in Brown’s case.
In Snipes, the supreme court explained its previous comment in Raulerson where it wrote a misnomer in the charging document should be considered a fatal flaw. Raulerson emphasized that only a “material variance between the name alleged and that proved is fatal.” Snipes, 733 So.2d at 1004. The reason is that the defendant must be able to prepare a defense and to avoid a second prosecution for essentially the same crime. Id. In Snipes, the indictment listed four possible names for the victim, all very similar. However, the information at trial revealed the victim’s true name was not exactly as listed on the charging document, but very similar. The court decided there was no error since the defendant was not hampered by the typographical error in presenting a defense nor was he placed “in jeopardy of being tried twice for the same offense.” Id. at 1005. It appears the court found no possibility of a second prosecution since the evidence presented at trial clearly showed who was the victim.
In the instant case, Brown was not prejudiced by the misnomer in the information. First, Brown was able to present a full defense to the crimes charged. Second, the victim himself testified at trial, thus there could be no doubt as to the true identity of the victim. According to our reading of Snipes, this prevents any possibility of a second prosecution for the same offense.
Brown’s claim that his appellate attorney was ineffective for not raising this issue fails because he cannot show that he was prejudiced by his attorney’s conduct or that the result of the appeal would have been different had the issue been argued. See Smith v. State, 762 So.2d 969, 971 (Fla. 4th DCA 2000). As such, we deny the petition for writ of habeas corpus.
GUNTHER, WARNER and HAZOURI, JJ., concur.