987 So.2d 1285 (2008)
Richard Arnezz HAYWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-3576.
District Court of Appeal of Florida, First District.
August 21, 2008.
*1286 Nancy A. Daniels, Public Defender, and G. Kay Witt, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Natalie D. Kirk, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Richard Haywood appeals the trial court's order revoking his probation and sentencing him to five years' imprisonment. Because the state failed to adduce sufficient evidence that appellant willfully and substantially violated his probation on June 22, 2006, as alleged in the charging document, we reverse the order of revocation and vacate the sentence.
On June 27, 2006, the state filed an affidavit of violation alleging that appellant violated conditions one and three of his probation.[1] The affidavit alleged that appellant, who had been residing in Macon, Georgia, violated condition one of his probation by failing to report to the Gainesville probation office by 4:30 p.m. on June 22, 2006, as his probation officer had directed him to do. The affidavit alleged that appellant also violated condition three of his probation by failing to report in Florida (instead of Georgia) by 4:30 p.m. on June 22, 2006, as his probation officer had directed him to do, Georgia having allegedly rejected a request that it supervise appellant.
Because the state failed to present sufficient evidence that appellant willfully failed to report to the Gainesville probation office on June 22, 2006, and presented no evidence that appellant violated condition three of his probation order by changing his residence without first procuring his probation officer's consent, the trial court abused its discretion in revoking appellant's probation. See Smith v. State, 965 So.2d 1252, 1253 (Fla. 1st DCA 2007).
The evidence did show that, in June of 2006, appellant's probation officer told appellant, who had been residing in Macon, that he had to return to Florida because the State of Georgia had rejected a request that appellant be supervised in that state. See § 949.07, Fla. Stat. (2006) (reciting the interstate compact for the supervision of adult offenders). The probation officer instructed appellant to report to the probation office in Gainesville by no later than 4:30 p.m. on June 22, 2006.
During the revocation hearing, appellant testified that he had set out to drive to Gainesville from Macon on June 22, 2006, but was thwarted by a "blow out" en route, which irreparably damaged a tire. Because, appellant testified, he could not afford *1287 a new tire, appellant called his probation officer in Gainesville to inform him that, although he had "tried diligently to get back" to Florida, he would be unable to do so because of his car trouble and financial situation. Appellant's probation officer's testimony confirmed that appellant called him on June 22, 2006, to tell him that the car had broken down on I-75 while appellant was on his way to Gainesville; that appellant did not have money to repair the vehicle; and that as soon as he could get more money or another vehicle or a ride, appellant would "definitely report down to the Gainesville office."
In revoking appellant's probation because he had failed to report to the probation office in Gainesville as directed, the court observed:
I have people that tell me they can't get across Gainesville, the town of Gainesville. They don't have transportation in from Hawthorne or wherever else the situation is, but the law expects them to comply with what is the lawful order of probation, and certainly to take your argument to its obvious extension would mean that you would be allowed to go backthe warrant would be dismissed, you would be allowed to go back to Georgia, and that this Court would be powerless to do anything about your not reporting in, and I don't believe that that's a goodgood application of the law.
Absent proof by a preponderance of the evidence that a defendant has willfully and substantially violated a condition of his or her probation, however, revocation was improper. See Hodges v. State, 920 So.2d 158, 159 (Fla. 2d DCA 2006).
Contrary to the trial court's suggestion, only a willful failure to report would have justified revocation. See State v. Meeks, 789 So.2d 982, 987 (Fla.2001) (observing that to trigger a revocation of probation, a probationer's violation must be willful and substantial); Blackshear v. State, 838 So.2d 1228, 1229 (Fla. 1st DCA 2003). A probationer who fails to comply with the conditions of his supervision despite reasonable efforts to comply does not violate his probation willfully. See Van Wagner v. State, 677 So.2d 314, 317 (Fla. 1st DCA 1996) ("Where a probationer makes reasonable efforts to comply with a condition of probation, violation of the condition cannot be deemed `willful.'"); Jacobsen v. State, 536 So.2d 373, 375 (Fla. 2d DCA 1988). Because the record demonstrates appellant's good faith effort to comply with his probation officer's instructions to return to Florida on June 22, 2006, the trial court abused its discretion in finding appellant's failure to report as instructed willful.
Nor does the record support a finding that appellant violated condition three of his probation, which barred him, in relevant part, from changing his residence without first procuring his probation officer's consent. The record demonstrates that appellant had been living in Georgia since at least 2005 withuntil June of 2006the consent of his probation officer, and had never changed his residence without his probation officer's consent. While appellant failed to return to Florida from Georgia on June 22, 2006, as instructed, that did not violate condition three of appellant's probation order. The state's showing that appellant maintained his Georgia residence after the affidavit was filed provided no basis for revocation.[2]
*1288 Because the state failed to prove that appellant willfully and substantially violated conditions of his probation in the manner alleged in the probation violation affidavit, we reverse the trial court's order revoking probation, and vacate the sentence imposed after probation was revoked.
BENTON, VAN NORTWICK, and HAWKES, JJ., concur.
NOTES
[1] Condition one provides: "You will submit a full and truthful report to your officer on the form provided for that purpose each month as directed by your officer."

Condition three provides: "You will not change your residence or employment, or leave the County of your residence without first procuring the consent of your officer."
[2] The trial court lacked authority to revoke probation on grounds not alleged in the affidavit. A trial court's revocation of probation based on uncharged grounds constitutes fundamental error. See Smith v. State, 738 So.2d 433, 435 (Fla. 1st DCA 1999) ("Revocation of probation on grounds never alleged in writing violates due process and is fundamental error."); Dulaney v. State, 735 So.2d 505, 506 (Fla. 1st DCA 1999); Richardson v. State, 694 So.2d 147, 147 (Fla. 1st DCA 1997); Ray v. State, 855 So.2d 1260, 1261 (Fla. 4th DCA 2003). Although appellant admitted during the revocation hearing that after June 22, 2006, he never spoke to his probation officer and he never again reported to any probation officeeither in Georgia or Floridauntil his arrest, his probation could not be revoked based on this uncharged conduct. See N.L. v. State, 825 So.2d 509, 510 (Fla. 1st DCA 2002) ("It is error for a trial court to revoke probation even for a conceded violation when the probationer has been charged with a different violation altogether."). The affidavit of violation alleged only that appellant failed to report on June 22, 2006, not that he failed to report during subsequent months. Yet the court, noting that it considered appellant's failure to report to Gainesville "a continuing offense," observed as follows:

The date in June is just what triggered the Court to issue this warrant, and certainly at any time between June and your arrest in January of 2007, you could have come back to Florida and probably gotten this all squared away by turning yourself in, which was never done, and the Court does find you to be in violation of probation.
The state never amended the charging document to allege that appellant failed to report to Gainesville at any time within the six months between June 22, 2006, and his arrest on violation charges in January 2007.