PER CURIAM.
 

 Appellant, Justin Wescott, challenges his convictions for grand theft, burglary of a structure, and providing a false name to a law enforcement officer. For the reasons discussed below, we agree that Appellant is entitled to a new trial on all of these charges.
 

 At the conclusion of Appellant’s first trial, the jury returned a unanimous verdict on the charge of providing a false name to a law enforcement officer.
 
 [1]
 
 The information specifically charged Appellant with providing a false name to Investigator Steve Harvey; however, the State only presented evidence that Appellant provided a false name to Sergeant Bill Starling and the prosecutor argued during closing that the jury should find Appellant guilty because the evidence showed that he provided a false name to Sergeant Starling. It is fundamental error to convict a person of an uncharged crime.
 
 Bennett v. State,
 
 823 So.2d 849, 852 (Fla. 1st DCA 2002). “While proof of a crime separate and distinct from the crime charged can constitute a fatal variance, not every variance between allegation and proof is fatal.”
 
 Taylor v. State,
 
 672 So.2d 580, 581 (Fla. 1st DCA 1996). In this case, however, the error cannot be considered harmless because Appellant could, in theory, twice be convicted of the same crime because he was convicted of providing a false name to Sergeant Starling even though the State has yet to charge him with that crime.
 

 Prior to the second trial, after a proper inquiry by the court, Appellant decided to represent himself on the remaining charges. During Appellant’s cross examination of Investigator Harvey about the contents of Appellant’s post-arrest statement, Appellant informed the court that he wanted to impeach Investigator Harvey’s testimony by playing the recording of his interview with the investigator. The prosecutor and Appellant’s standby
 
 *306
 
 counsel, who represented him during the first trial, informed the court that the recording would need to be redacted to remove references to Appellant’s criminal history. The court found that there was insufficient time to redact the recording, and it gave Appellant the option of playing the recording in its entirety or not at all. After learning that the recording contained a detailed recitation of all of Appellant’s prior convictions, Appellant chose not to play the recording.
 

 The trial court in this case did not specifically find that Appellant’s objection to the inclusion of the prejudicial material was untimely; however, it was the trial court’s concern with having to make the jury wait that caused it to insist that Appellant had to play the entire recording or nothing. There is no requirement that a party must object pretrial to an officer’s legally obtained statements if those objections apply to specific questions or answers within the statement.
 
 Sparkman v. State,
 
 902 So.2d 253, 254 (Fla. 4th DCA 2005). Moreover, this case presents a unique situation because Appellant, as a pro se litigant that was incarcerated at the time of the trial, did not have access to the tape or the ability to redact the tape. The trial court’s ruling prevented Appellant from exercising his constitutional right to impeach the witnesses against him on cross examination.
 
 See Garcia v. State,
 
 816 So.2d 554, 561 (Fla.2002) (noting that both the United States and Florida Constitutions give defendants the right to confront adverse witnesses). We decline to find that this error was harmless as we are unable to say that there is no reasonable possibility that the jury’s verdict would not have been affected by Appellant’s impeachment of Investigator Harvey’s testimony with this recording. We, therefore, reverse Appellant’s convictions and remand for a new trial. Because Appellant is entitled to a new trial for the reasons stated above, we decline to address the other issues raised on appeal.
 

 REVERSED and REMANDED.
 

 DAVIS, PADOVANO, and ROWE, JJ., concur.
 

 [1]
 

 . The jury failed to reach a verdict as to the remaining counts of the information. The trial court withheld the imposition of judgment and sentence until after the conclusion of Appellant's second trial, at which time a final judgment and sentence was entered as to all counts.