EMAS, J.
R.M. appeals an order finding him guilty of attempted battery and an order withholding adjudication and sentencing him to probation until his nineteenth birthday. For the reasons that follow, we reverse.
R.M. became engaged in an argument with his father. The argument escalated when his father said “let’s take this outside.” Once outside, the two of them engaged in a physical fight in which R.M. struck his father, Kurt Marshall. The father also struck R.M. during the fight. The fight ended when R.M. and his father were pulled apart and R.M. was restrained by several relatives and the father’s coworkers. R.M. was arrested and charged with battery. The petition for delinquency charged:
Count I: Battery
This Child ... did unlawfully commit battery upon KURT MARSHALL by actually and intentionally touching or striking said person against said person’s will, in violation of s. 784.03 Florida Statutes.
At the adjudicatory hearing, the trial court heard the testimony of R.M.’s father and R.M. There was no dispute that the two of them argued, that the father unbuttoned his shirt and said “let’s take this outside” and that, once outside, the two of them physically fought. At the end of the father’s testimony, in response to a generic question (“What happened next?”), R.M.’s father testified that R.M. “spit at” him after the fight had ended and while R.M. was being restrained by the others. There were no follow-up questions by the State, nor was the father questioned on cross-examination by defense counsel regarding the father’s testimony that R.M. spit at his father after the fight had ended. When R.M. testified, he was not questioned on direct or cross examination whether he spit at his father. Further, neither party in opening statements indicated there would be evidence that R.M. spit at his father, and there was no indication in the delinquency petition, discovery, motions or other pleadings that this act of spitting at (not on) the father was a part of the battery charge.
R.M. moved for a judgment of dismissal and argued that the evidence was insufficient to support a finding of delinquency. During closing arguments, the court made it clear it did not believe the State had proven the battery charge arising from the fight itself because the father had unbuttoned his shirt and told R.M. that they should “take it outside.” The court found this was an invitation to fight, and therefore, a consent by the father to the “touching” that followed. However, the court found that R.M. was delinquent for attempted battery because “spitting at an individual is not a defensive maneuver in any fashion. And certainly beyond a reasonable doubt was not a defensive maneuver in this case.”
The trial court later withheld adjudication of delinquency, and subsequently placed R.M. on probation until his nineteenth birthday. R.M. appeals, asserting that the attempted battery by spitting was a separate act, not part of the allegations of the petition, and R.M. was not reasonably placed on notice of this charge. We agree.
It is axiomatic that “a conviction on a charge not contained in the charging document is considered denial of due process.” N.H.M. v. State, 974 So.2d 484 *747 (Fla. 2d DCA 2008). The exception to this general rule applies when the offense is a necessarily lesser-included offense of the charged offense. Id. If “the offense is a ‘category 2’ or permissive lesser-included offense — the trial court cannot convict the defendant of the lesser crime unless the allegations of the charging document include the elements of that crime.” Id. at 486. The State argues that the delinquent act of “attempted battery” is a permissive lesser-included offense of battery, and that the allegations in the petition and the evidence at trial support a finding of delinquency on that charge.
While an attempted battery can serve as a permissive lesser-included offense of battery, the elements of which are technically alleged in the petition, the State’s argument overlooks the fact that the court determined (and we concur) that the fight (and the actual battery alleged) had already ended at the time of the spitting. There was a temporal break when the four individuals separated R.M. and the father, and R.M. was being restrained at the time R.M. allegedly spat at his father. This act of spitting is not itself alleged in the petition, and there is nothing in this record to indicate that R.M. or his counsel were ever placed on notice (until the court raised the issue during closing argument) that this act of spitting was to be considered a part of the petition or serve as a basis for an adjudication of delinquency.[1] The absence of notice is supported by the fact that neither attorney mentioned the alleged spitting in their opening statement, no evidence or testimony, other than the single unsolicited statement by the father, was introduced into evidence, and the State did not argue or even address the act of spitting in closing. We cannot agree, from the record presented, that R.M. reasonably could have been placed on notice that his adjudicatory hearing was to include this separate allegation that he committed an attempted battery by spitting at his father after the fight had concluded.
Further, the trial court specifically found that the spitting occurred when R.M. was “restrained and the hostilities [had] subsided.” The trial court thus recognized a temporal break between the fight itself and the subsequent act of spitting.
A defendant has a constitutional right to be informed of the nature and cause of the accusations against him. Rose v. State, 507 So.2d 630, 632 (Fla. 5th DCA 1987). A violation of that right constitutes fundamental error. Id. “Proof of another separate and distinctly different crime rather than the one charged constitutes a fatal variance in proof.” Id. Fundamental notions of due process require that we reverse and remand with directions to vacate the adjudication and order of probation and enter a judgment of dismissal.[2]
Reversed and remanded.

. The act of spitting at (but not on) someone could only constitute, at most, an attempted battery. There was no logical reason for R.M. or his counsel to believe that the battery charge in the petition would subsume the charge of a post-fight attempted battery by spitting. By contrast, if the testimony had established, for example, that during the course of the fight R.M. had never actually struck the father but instead R.M. swung at his father and barely missed hitting him, the allegations in the petition would certainly have placed R.M. on notice of such a permissive lesser included offense and could validly support a finding óf an attempted battery.

. Of course, because we hold that R.M. was never charged with attempted battery for the alleged act of spitting at his father, there is no *748 double jeopardy bar to the filing of a petition of delinquency which charges such an act. Jaramillo v. State, 659 So.2d 1238 (Fla. 2d DCA 1995).