DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROLAND LONG,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4476

[May 25, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Sherwood Bauer Jr., Judge; L.T. Case No. 472013CF000969-B.

Jeffrey H. Garland of Jeffrey H. Garland, P.A., Fort Pierce, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant was convicted of conspiracy to manufacture methamphetamine. The criminal information alleged that appellant conspired to manufacture methamphetamine with "Ray Ray Webb." However, during the trial, the only evidence presented of a conspiracy included specific references to "Ray Ray Hicks," not "Ray Ray Webb." We find that the variance between what was charged in the information and what was proven at trial was a fatal variance, resulting in fundamental error. As such, we reverse appellant's conviction for conspiracy. Because we find this issue dispositive we do not address the remaining issues appellant raises.

At trial, the evidence showed that appellant went to Walmart and Walgreens and purchased ingredients to manufacture methamphetamine. An employee trained in identifying materials used in manufacturing methamphetamine called the police. When the police arrived, they received consent to search the vehicle in which appellant had been riding and discovered many items which could be used to make methamphetamine, though appellant was still missing a few ingredients.

After appellant was arrested, he waived his *Miranda* rights and gave a statement. Appellant admitted he bought Drano crystals for someone he called "Ray Ray" and admitted Ray Ray needed the crystals to make methamphetamine. When asked what Ray Ray's full name was, appellant said Ray Ray's name was "Ray Hicks."

Appellant claimed the remainder of the items were for common, household use. However, he was also able to describe, in detail, the process to make methamphetamine. The state's expert on methamphetamine production noted that appellant had more familiarity with the methamphetamine manufacturing process "than most of the people certainly that you meet on a day to day basis."

At trial, appellant's alleged co-conspirator did not testify. In fact, the police never even attempted to locate Ray Ray. The only evidence as to the identity of appellant's co-conspirator was appellant's own admission. No explanation for the variance between the name in the information and the name proven at trial appears in the record. The state did not move to amend the information either before or during trial, and appellant did not object to the variance before or during trial.

Appellant was ultimately convicted of conspiracy to manufacture methamphetamine. This appeal ensued.[1]

A fundamental defect in a charging document can be raised for the first time on appeal and is reviewed for fundamental error. *Castillo v. State*, 929 So. 2d 1180, 1181 (Fla. 4th DCA 2006). "A charging instrument is fundamentally defective if 'it is so vague, inconsistent and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.'" *Id.* (quoting *Brown v. State*, 184 So. 518, 519-20 (Fla. 1938)). *See also Wescott v. State*, 72 So. 3d 304, 305 (Fla. 1st DCA 2011) (stating that where a defendant could "in theory" be prosecuted twice for the same crime, an error in a charging document cannot be considered harmless).

Specifically with regard to the variation of names on the criminal information, "a *material* variance between the name alleged and that proved is fatal." *Snipes v. State*, 733 So. 2d 1000, 1004 (Fla. 1999). However, where the variation is immaterial, reversal is unwarranted.

---

[1] Appellant was also convicted of attempt to manufacture methamphetamine. He does not appeal that conviction.

*Grissom v. State*, 405 So. 2d 291, 292 (Fla 1st DCA 1981); *see also Raulerson v. State*, 358 So. 2d 826, 830 (Fla. 1978) (finding no fatal variance where the information stated the victim was "Michael" but proof at trial showed the victim went by the common nickname "Mike"); *Snipes*, 733 So. 2d at 1005 (stating a typographical error of the victim's name in the information did not result in a fatal variance); *Corbett v. State*, 113 So. 3d 965, 971 (Fla. 2d DCA 2013) (misspelling the victim's name by one vowel was not a fatal variance).

In *Jacob v. State*, 651 So. 2d 147 (Fla. 2nd DCA 1995), the information listed the victim as "James Neeley" but the evidence at trial indicated the victim was named "Joseph Neeley." Significantly, none of the state's witnesses knew the victim, nor did the victim testify. The court concluded that the defendant was at risk of being "convicted twice for the same offenses." *Id.* at 148. Thus, even though no objection was raised at trial, the court found fundamental error and reversed the defendant's conviction. *See also Jacobs v. State*, 35 So. 65, 65 (Fla. 1903) (reversing a conviction, where the information stated the victim was "Rosa Lee Nelson" but the victim identified herself as "Rosa Lee Ann," because "[t]he name of the person assaulted, as alleged in the indictment, was an essential element in the legal description of the offense" and because there was no evidence showing the victim was known by both names).

On the other hand, in *Brown v. State*, 888 So. 2d 130 (Fla. 4th DCA 2004), the information stated the victim was named "Kevin Pope" but the evidence at trial showed the victim's name was "Keith Pope." Critically, the victim himself testified at trial. Thus, there could be no confusion as to who the true victim was. The defendant was able to put on a "full defense" and there was no danger of a second prosecution as "there could be no doubt as to the true identity of the victim." *Id.* at 131.

The record in the instant case does not support a finding that appellant was prejudiced by the variance. The critical evidence in appellant's prosecution for conspiracy was his own admission that he had been acquiring materials for Ray Ray to make methamphetamine. The variance does not appear to have prevented him from putting on a "full defense." *Id.*

However, we find that the variance does expose appellant to the danger of a second prosecution for the same offense. The information on which appellant's conviction was based listed appellant's co-conspirator as "Ray Ray Webb," but the only evidence at trial was for a conspiracy with "Ray Ray Hicks." The alleged co-conspirator did not testify and none of the witnesses who did testify personally knew either a "Ray Ray Webb" or a

"Ray Ray Hicks." Furthermore, no evidence in the record indicates Ray Ray Webb is the same person as Ray Ray Hicks. *See Jacobs*, 35 So. at 65. Thus, unlike in *Brown*, the true identity of appellant's alleged co-conspirator remains ambiguous. This ambiguity allows for the possibility that appellant could be convicted a second time for the same offense. We conclude therefore, like the *Jacob* court, that the variance in the information was fatal.

Although no objection to this variance was made at trial, the variance constitutes fundamental error. *Jacob*, 651 So. 2d at 148. *See also Wescott*, 72 So. 3d at 305 (stating fatal variance was not harmless error because the defendant "could, in theory, twice be convicted of the same crime"). We, therefore, reverse appellant's conviction for conspiracy to manufacture methamphetamine and remand for a new trial. *See Jacobs*, 35 So. at 65; *Smith v. State*, 86 So. 640 (Fla. 1920); *Lattimore v. State*, 202 So. 2d 3, 4 (Fla. 3d DCA 1967); *Wescott*, 72 So. 3d at 306. *See also Brown v. State*, 41 So. 3d 259, 262-63 (Fla. 4th DCA 2010) (reversing for a new trial where the manner in which the crime was committed differed from what was charged in the information); *Holborough v. State*, 103 So. 3d 221, 224 (Fla. 4th DCA 2012) (citing *Jacobs* and *Smith* for the proposition that a new trial was the appropriate remedy where the appellate court reverses a trial court's hearsay ruling and where the inadmissible hearsay was the only evidence of the victim's identity). On remand, should the state choose not to prosecute appellant, then the appellant is entitled to resentencing on his attempt to manufacture methamphetamine conviction.

*Reversed and remanded.*

DAMOORGIAN, J., and HANZMAN, MICHAEL A., Associate Judge, concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

4